DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

LAURA VARTAIN HORN (CABN 258485)
NICHOLAS J. WALSH (CABN 314290)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Laura.Vartain@usdoj.gov
    Nicholas.Walsh@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 17-CR-00180 RS |
| | ) | |
| Plaintiff, | ) | UNITED STATES' SENTENCING REPLY |
| v. | ) | MEMORANDUM |
| | ) | |
| APRIL MYRES, | ) | Hearing Date: November 19, 2019 |
| | ) | Time: 2:30 pm |
| Defendant. | ) | |
| | ) | |

     The Probation Office correctly determined the loss to be $67,046.78 in the presentence

investigation report ("PSR"), which is the amount that Deputy Myres fraudulently claimed that Farmers

Insurance owed her, and is therefore the loss she intended.  See U.S.S.G. § 2B1.1 Note 3(A).

     As the testimony and exhibits introduced at trial make clear, a fraudulent insurance claim is

denied in its entirety, not item by item.  Thus, because Deputy Myres was found beyond a reasonable

doubt by a jury to have defrauded Farmers Insurance when she submitted false documents to the

insurance company seeking reimbursement, even if some of the items she listed were actually stolen

without her consent, she still would not be entitled to any payment for them.

At least three sections of Deputy Myres' insurance policy – admitted as Exhibit 38 at trial and literally read line by line to the jury, see Trial Tr., Vol. 5, 716, ln. 16 to 720, ln. 21 – make clear that the proper calculation of loss is the intended loss of $67,046.78.  First:

19. Theft.

We do not insure for theft: . . .

d. committed by any insured or at the direction of an insured;

e. committed by any person who is regularly residing at an insured location….

Ex. 038-036. Second:

12. Intentional Acts, Criminal Acts, and Fraud.

We do not provide coverage for loss or damage if any insured has before or after the loss or in relation to any insurance provided in this policy:

a. concealed or misrepresented any material fact or circumstance;

b. intentionally caused or arranged for the loss or damage;

c. directly or indirectly caused the loss or damage while engaged in committing or concealing a felony;

d. engaged in fraudulent conduct; or

e. made material, false statements.

We do not provide coverage for loss or damage from a criminal act committed by or at the direction of any insured if the loss that occurs may be reasonably expected to result from such an act, or is the intended result of such an act.

Ex. 038-042. Third:

4. Misrepresentation, Concealment or Fraud.

We reserve the right to deny coverage for any loss or damage or claim for injury or damage if you or any insured, at any time either before or after a claim or loss, has negligently or fraudulently concealed or misrepresented any material fact or circumstance in the application for, change to or renewal of this insurance, or in the presentation of a claim or loss, or engaged in fraudulent conduct respecting a claim or loss.

As permitted by law, we reserve the right to void this policy if you or any insured, at any time either before or after a claim or loss, has intentionally concealed or misrepresented any material fact or circumstance in the application for, change to or renewal of this insurance, or in the presentation of a claim or loss or during our investigation of a claim or loss, or engaged in fraudulent conduct respecting a claim or loss.

We do not provide coverage for any loss or damage or claim for injury or damage if you or any insured has in connection with or related to any insurance provided in this policy

intentionally caused or arranged for the loss or damage or claim or has caused the loss or damage while engaged in committing or concealing a felony….

Ex. 038-052. As the plain text of these passages explains and confirms, Deputy Myres' crimes meant that she was not entitled to any insurance payment at all, and therefore, the loss amount is properly calculated as her intended loss – the full amount of her fraudulent claim: $67,046.78.

In the end, even if Deputy Myres' position was correct and she was entitled to deductions for what she actually had stolen from her, there is no evidence to suggest that Mr. Fowler stole more than $27,000 of items from Deputy Myres, the amount that would be necessary to reduce the loss below the $40,000 threshold being applied in the PSR. See U.S.S.G. § 2B1.1(b)(1)(D). "The court need only make a reasonable estimate of the loss. The sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence. For this reason, the court's loss determination is entitled to appropriate deference." Id. § 2B1.1 Note 3(C). Here, Deputy Myres intended loss was the full amount of her claim, and as explained below, the evidence supports such a conclusion.

Deputy Myres' contention that she intended to defraud Farmers Insurance of less than the amount she claimed is inconsistent with the jury verdict. As the Court recalls, Deputy Myres claimed innocence with regard to three categories of "stolen" goods:

First, she claimed that she did not intend to defraud Farmers Insurance with regard to her work equipment, including her gun and radio. The jury rejected Deputy Myres' arguments that she had a good faith belief that she owned them, in part because that argument is absurd on its face, and in part because the evidence was conclusive that she had no good faith reason to believe she did. The PSR report correctly finds as much.

Second, Deputy Myres contends she did not intend to defraud Farmers Insurance about three items of her personal property that were found in her house when a search warrant was executed. The jury rejected Deputy Myres' contention that she simply made a mistake in including these items in her fraudulent Proof of Loss. The PSR correctly finds as much.

Third, Deputy Myres contends she did not intend to defraud Farmers Insurance about a long list of her personal property that was not found at her house when a search warrant was executed a year after the so-called burglary and only a tiny fraction of which appeared to be in Mr. Fowler's possession (by

1   virtue of appearing on his phone).  Deputy Myres argued and failed to persuade the jury that she did not

2   intend to defraud Farmers Insurance because Mr. Fowler stole her property and she had no idea that he

3   had done so.  This argument could not be squared with the overwhelming evidence that Deputy Myres

4   never told Farmers Insurance or law enforcement that Mr. Fowler was living with her until the morning

5   of the burglary.  Had she told law enforcement about Mr. Fowler and his whereabouts, the items she

6   now claims were stolen by Mr. Fowler could have been recovered.  But that was precisely part of her

7   fraud, as she repeatedly lied when she was repeatedly asked to disclose who lived with her, and when

8   she was directly asked whether she had a disgruntled ex-boyfriend who could have committed the so-

9   called burglary, she lied again.  In doing so, Deputy Myres intended to defraud Farmers Insurance of

10  each dollar she claimed, even if some of it was stolen from her—because she knew who had stolen it.

11  The PSR correctly finds as much.

12

13  DATED:  November 15, 2019                              Respectfully submitted,

14                                                         DAVID L. ANDERSON
                                                           United States Attorney
15

16                                                         _____/s/ Laura Vartain Horn_____

17                                                         LAURA VARTAIN HORN
                                                           NICHOLAS J. WALSH
18                                                         Assistant United States Attorneys

19

20

21

22

23

24

25

26

27

28

UNITED STATES' SENTENCING REPLY MEMORANDUM
17-CR-00180 RS